**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4018**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MARIO ANTWAINE HOLIFIELD,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:15-cr-00009-JPJ-PMS-1)

Submitted:  March 30, 2017                Decided:  April 3, 2017

Before TRAXLER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.  John P. Fishwick, Jr., United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, Debbie H. Stevens, OFFICE OF THE UNITED STATES ATTORNEY, Beaver, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Antwaine Holifield appeals his 188-month sentence imposed following his guilty plea to four controlled substance offenses. Holifield challenges his designation as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2014). The Government seeks to invoke Holifield's appellate waiver if we conclude that Holifield's prior manslaughter convictions remain career offender predicates.

Holifield has two prior convictions for manslaughter, in violation of Alabama law. The Alabama manslaughter statute, Ala. Code § 13A-6-3, corresponds to the generic definition of manslaughter in USSG § 4B1.2 cmt. n.1. United States v. Peterson, 629 F.3d 432, 436–37 (4th Cir. 2011). Holifield's argument that his prior manslaughter convictions are not predicate crimes is foreclosed by the Supreme Court's recent holding that the Sentencing Guidelines "are not subject to vagueness challenges under the Due Process Clause." Beckles v. United States, ___ S. Ct. ___, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017). Holifield does not dispute that his appellate waiver was knowing and voluntary, and his sentencing challenge falls squarely within the scope of the waiver.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before this court and argument would not aid the decisional process.

DISMISSED